UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LISA MARIE SCHECHTER,

    Plaintiff,

v.                                     Case No. 8:19-cv-860-T-36CPT

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This cause is before me on referral for consideration of the *Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. § 2[4]12 and for Oral Argument*. (Doc. 25). For the reasons discussed below, I respectfully recommend that the Plaintiff's motion be granted.

I.

The Plaintiff initiated this action in April 2019, seeking judicial review of the Commissioner's decision denying her application for Disability Insurance Benefits. (Doc. 1). The Commissioner answered the Plaintiff's complaint in July 2019 (Doc. 11), and the Court thereafter entered a scheduling order directing the parties to file a joint memorandum by September 14, 2019 (Doc. 14). At the parties' request, the Court subsequently extended the deadline for the filing of their joint memorandum to January 15, 2020. (Doc. 17).

Roughly five days prior to that deadline, the Commissioner moved for the entry of judgment in the Plaintiff's favor and requested that the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 20). The Court granted that motion (Doc. 23), and the Clerk of Court entered Judgment for the Plaintiff the same day (Doc. 24).

The instant motion, filed in late May 2020, followed. (Doc. 25). By way of this motion, the Plaintiff seeks attorneys' fees, costs, and expenses under the Equal Access to Justice Act (the EAJA or the Act) on the grounds that she is the prevailing party. *Id*. The Plaintiff includes with her motion the affidavit of her attorney, Carol Avard, which includes an itemization of the services rendered by Avard and her co-counsel, Craig Polhemus, *id.* at 21-22, as well as a copy of Avard's fee contract with the Plaintiff (Doc. 25-1). The Commissioner does not oppose the Plaintiff's motion except as to the amount of attorneys' fees sought. (Doc. 26).

II.

The EAJA authorizes a court to grant reasonable attorneys' fees, costs, and expenses to any party prevailing in litigation against the United States (including proceedings for judicial review of agency action), unless the court determines that the government's position was "substantially justified" or that special circumstances exist that make such an award unjust. 28 U.S.C. § 2412(b), (d)(1)(A). To warrant an award of attorneys' fees, costs, and expenses under the Act, three conditions must be met: (1) the party must file a fee application within thirty days of the final judgment; (2) the party must qualify as the prevailing party; and (3) the government's

position must not have been substantially justified and no other special circumstances must exist to make an award unjust. *Patton v. Berryhill*, 2017 WL 6520474, at *1 (M.D. Fla. Dec. 18, 2017) (citing *Myers v. Sullivan*, 916 F.2d 659, 666-67 (11th Cir. 1990)); 28 U.S.C. § 2412(d).

These conditions have been satisfied here, as the Commissioner acknowledges in his response. (Doc. 26 at 1). Thus, a grant of reasonable attorneys' fees, expenses, and costs under the EAJA is proper. The remaining issues—the appropriate amount of such fees, costs, and expenses—are addressed below.

### A. Attorneys' Fees

The starting point for the fee analysis under the Act is to determine the "lodestar," which is the product of the reasonable hours spent on the litigation multiplied by a reasonable hourly rate. *See Sanfilippo v. Comm'r of Soc. Sec.*, 2009 WL 1532039, at *3 (11th Cir. June 3, 2009) (per curiam) (unpublished);[1] *Tricia Glass v. Comm'r of Soc. Sec.*, 2020 WL 3473338, at *1 (M.D. Fla. June 25, 2020) (citing *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988)). The party seeking to recover fees bears the burden of demonstrating the reasonableness of both the requested hourly rate and the number of hours spent on the case. *Brooks v. Comm'r of Soc. Sec.*, 2020 WL 3250042, at *2 (M.D. Fla. Apr. 27, 2020) (citing *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Watford v. Heckler*, 765 F.2d 1562,

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

1568 (11th Cir. 1985)). Once determined, the lodestar figure carries a "strong presumption" that it represents a reasonable fee. *Tricia Glass*, 2020 WL 3473338, at *1 (citing *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992)).

With respect to the first prong of the lodestar analysis, the EAJA instructs that courts should award "prevailing market rates" not to exceed $125 per hour unless they "determine[] that an increase in the cost of living or a special factor. . . justifies a higher" figure. 28 U.S.C. § 2412(d)(2)(A). Courts must therefore employ a two-step process in evaluating the appropriate hourly rate under the Act. First, they must assess the market rate for similar services provided by attorneys of comparable skill, experience, and reputation. *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). Second, if the prevailing market rate exceeds $125 per hour, they must decide whether to adjust the hourly rate for inflation or some special factor. *Id.* at 1033-34.

The market rate during the relevant time period for the type of work at issue here is not subject to precise calculation. In my experience, counsel submitting EAJA fee applications for services performed during and after 2018 typically have sought hourly rates ranging from $195 to more than $200. As a result, the hourly rate charged by competent attorneys in this market has, for some time, exceeded the statutory cap of $125. Accordingly, I find it appropriate to deviate upward from the EAJA's base fee rate to account for increases in the cost of living.

Courts in this district and elsewhere routinely calculate cost of living adjustments under the Act by using the Bureau of Labor Statistics' Consumer Price

Index (CPI).  *See, e.g., Brooks*, 2020 WL 3250042, at *2 (citing *Wilborn v. Comm'r of Soc. Sec.*, 2013 WL 1760259, *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. July 22, 2009)); *Sprinkle v. Colvin*, 777 F.3d 421, 428 (7th Cir. 2015) (collecting cases in various circuits using the CPI to determine hourly rate adjustments).  In light of this authority, I find it reasonable to use the CPI as a guide for determining the appropriate cost of living increase in this case.  *See* U.S. Dept. of Labor, Bureau of Labor Statistics, https://data.bls.gov/cgi-bin/surveymost.

The Plaintiff's attorneys request hourly rates of $205 for 2019 and $206.25 for 2020.  Both of these rates are within the range permitted by the EAJA, and the Commissioner does not argue otherwise.  As a result, I find that such rates are reasonable.

As for the lodestar's second prong—the number of hours reasonably spent on the litigation—"[f]ee applicants are required to exercise 'billing judgment.'" *Maciejczyk v. You Fit, Inc.*, 2013 WL 7186419, at *2 (M.D. Fla. Dec. 12, 2013) (quoting *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999)).  This means that "they must exclude from their fee applications excessive, redundant, or otherwise unnecessary" time spent on the case "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*." *Barnes*, 168 F.3d at 428 (internal quotation marks and citations omitted).

Plaintiff's counsel represent that they collectively expended forty-two hours on this case. (Doc. 25 at 3).  The Commissioner disputes the reasonableness of some of these hours.  In particular, he argues that two of the hours (which he fails to

5

identify) involved the "unnecessary review and duplication of work," while eleven of the hours (again unspecified) were part of a needlessly excessive effort (consisting of a total of 35.8 hours) devoted to reviewing the transcript and preparing the Plaintiff's portion of the joint memorandum.   (Doc. 26 at 3).

After a careful review of the time records provided by Plaintiff's counsel, I am unpersuaded by the Commissioner's assertion that the challenged hours were unnecessary.  As an initial matter, the Commissioner does not point to any particular time entries he seeks to exclude.

Even putting aside this threshold deficiency, it appears that the Plaintiff's two attorneys, Avard and Polhemus, appropriately divided the tasks required to litigate this action in order to avoid a duplication of effort.  Although both lawyers worked on drafting the joint memorandum, Polhemus focused his energy on writing the statement of facts, while Avard completed the bulk of the legal section and conducted the final review of the memorandum.  *See* (Doc. 25 at 21-22).  By my consideration, the total number of hours Avard and Polhemus spent in reviewing the record, researching legal issues, and drafting their portion of the brief is neither excessive nor unreasonable.  *See Jean*, 863 F.2d at 772-73 ("While duplication of effort is a proper ground for reducing a fee award, a reduction is warranted only if the attorneys are *unreasonably* doing the *same* work.") (internal quotation marks and citation omitted); *Norman*, 836 F.2d at 1305 (noting "that the measure of reasonable hours is determined by the profession's judgment of the time that may be consciously billed and not the least time in which it might theoretically have been done").

It also bears mentioning in this regard that the time these two attorneys dedicated to investigating and crafting their arguments appears to have been well spent. As alluded to above, after the Plaintiff prepared her portion of the joint memorandum and provided it to the Commissioner (Doc. 19), the Commissioner voluntarily moved for a sentence four remand (Doc. 20).

### B. Costs and Expenses

In addition to attorneys' fees, the Plaintiff seeks to recover the $400 she paid to the Clerk of Court to initiate this action, as well as the $18.90 in expenses she incurred in serving process upon the Commissioner via certified mail. (Doc. 25 at 22-23). The Commissioner does not object to either of these reimbursement requests. As these items are compensable under the EAJA, I recommend that the Court award them to the Plaintiff. *Jean*, 863 F.2d at 776 (finding that the EAJA authorizes a prevailing party to recover "costs as delineated in 28 U.S.C. § 1920" and postage as an "expense"), *aff'd on other grounds sub nom.*, *Comm'r Immigration and Naturalization Serv. v. Jean*, 496 U.S. 154 (1990).

### III.

In light of the above, I recommend:

1. The *Plaintiff's Petition for EAJA Fees Pursuant to 28 U.S.C. § 2[4]12* (Doc. 25) be granted.

2. The Plaintiff be awarded $8,614.62 in attorneys' fees, $400 in costs, and $18.90 in expenses for a total sum of $9,033.52.

3. The Commissioner's remittance of this amount be made payable to the Plaintiff in accordance with *Astrue v. Ratliff*, 560 U.S. 586, 598 (2010). I further recommend that, if the government concludes that the Plaintiff does not owe any debt to the government, the Commissioner be advised that he may honor an assignment of fees to the Plaintiff's attorneys.

4. The Plaintiff's request for oral argument be denied as moot.

Respectfully submitted this 7th day of July 2020.

*(signature)*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

### NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Charlene E. Honeywell, United States District Judge
Counsel of record